NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY, <br><br> Debtors, <br> _____ <br><br> ELLIOTT MANAGEMENT CORPORATION, on behalf of itself and certain funds and accounts managed, advised, or sub-advised by it; et al., <br><br> Appellants, <br><br> v. <br><br> PG&E CORPORATION, Reorganized PG&E, <br><br> Appellee. | No.   22-15560 <br><br> D.C. No. 4:20-cv-07865-HSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 14, 2023[**]
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Elliott Management Corporation and other creditors (the Noteholders[1]) appeal from the district court's affirmance of a bankruptcy court order barring the Noteholders from bringing certain administrative expense claims against PG&E Corporation and the Pacific Gas and Electric Company (collectively, PG&E) as debtors and reorganized debtors. As the parties are familiar with the facts, we do not recount them here. We affirm the district court's order.

1. Section 10.9(b) (the Release Provision) of the restructuring plan (the Plan) plainly encompasses the Noteholders' claims arising from the alleged breach of the "best efforts" provision of the restructuring support agreement (the Noteholder RSA). The Release Provision states that "the Released Parties," including PG&E, "are deemed forever released and discharged . . . by the Releasing Parties," including the Noteholders, "from any and all claims . . . based on or relating to, or in any manner arising from, in whole or in part . . . the Noteholder RSA." This sweeping language and explicit reference to the Noteholder RSA make clear that the Release Provision encompasses the Noteholders' claims. Neither exception to

---

[1] Appellants Elliott Management Corporation (Elliott), Pacific Investment Management Company LLC, Canyon Capital Advisors LLC, Citadel Advisors LLC, Davidson Kempner Capital Management LP, Farallon Capital Management, L.L.C., Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP, and Värde Partners, Inc. are collectively referred to as "the Noteholders."

the Release Provision—for (1) rights "otherwise provided in the Plan" or for (2) "rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents"—applies.

2. The first exception is inapposite. The Plan does not "otherwise provide[]" for the Noteholders' alleged right to assert their administrative expense claims. We reject the Noteholders' argument that Sections 2.1 and 1.4 of the Plan preserve such claims. Section 1.4 defines an "Administrative Expense Claim" as "any cost or expense of administration of any of the Chapter 11 Cases arising on or before the Effective Date *that is allowable* under section 503(b) of the Bankruptcy Code." (emphasis added). Section 1.4 also enumerates a handful of allowed claims defined elsewhere in the Plan. Section 2.1 cross-references Section 1.4 in setting forth a procedure for satisfaction of "Allowed Administrative Expense Claim[s]," and further provides that "[f]or the avoidance of doubt, no Administrative Expense Claims shall be discharged pursuant to the Plan." This language in Section 2.1 preserves only "allowable" claims—not, as the Noteholders suggest, *all* administrative expense claims allowable on the merits under section 503(b) of the Bankruptcy Code. To determine if a claim is allowable, the district court and bankruptcy court properly consulted other Plan provisions, including the Release Provision.

3. The second exception applies only to rights "to enforce *the Plan and the*

3

*Plan Documents.*" (emphasis added). The Noteholders seek to enforce a provision of the "Noteholder RSA," which is neither the "Plan" nor a "Plan Document." Each of those three terms is separately defined in the Plan. The Noteholders rely on their faulty reading of Section 2.1 to assert that their claims fall within this exception, arguing that such claims constitute "new contractual obligations of PG&E" because they are preserved under Section 2.1. We, again, reject the Noteholders' reading of Section 2.1 and hold that neither exception applies.

4. In view of our conclusion that the Release Provision encompasses the Noteholders' claims, we decline to reach PG&E's remaining arguments: that the Exculpation Provision immunizes PG&E from the Noteholders' claims; and that the Noteholders waived those claims by failing to object to approval of the revised backstop commitment letters.

**AFFIRMED.**